French, J.,
concurring in judgment only.
{¶ 19} I concur with the decision to reverse the court of appeals’ judgment, but not because I find the definition of “corrupt activity” in R.C. 2923.31(I)(2)(c) ambiguous. While there are a variety of different facts that could potentially satisfy this definition, there is only one plausible interpretation, and I vote to reverse because the court of appeals did not apply that interpretation in its sufficiency analysis.
{¶ 20} It is imprecise to frame the issue as whether R.C. 2923.31(I)(2)(c) applies to the “individual” defendant or the “enterprise as a whole,” as if it can never apply to both. Of course, only an individual “person” can violate Ohio’s Racketeer-Influenced and Corrupt Organizations (“RICO”) statute “through a pattern of corrupt activity,” defined as “two or more incidents of corrupt activity * * * related to the affairs of the same enterprise.” R.C. 2923.32(A)(1) and 2923.31(E). However, the individual may commit each incident of corrupt activity indirectly and with others, by “engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in” any of several categories of predicate conduct. (Emphasis added.) R.C. 2923.31(1) (defining “[cjorrupt activity”). The trier of fact must always look to an individual defendant’s conduct, but, depending on that defendant’s level of participation, it may also be necessary to look to the conduct of other persons in the enterprise who acted with the defendant.
{¶ 21} R.C. 2923.31(I)(2)(c) is no exception. To commit an incident of corrupt activity under this definition, the individual defendant must participate (again, either directly or through attempt, solicitation, conspiracy, etc.) in “[cjonduct constituting * * * any combination of violations” listed in that division, and “the total proceeds of the combination of violations, payments made in the combination of violations, * * * or value of the contraband or other property illegally possessed, sold, or purchased in the combination of violations” must exceed the monetary threshold. R.C. 2923.31(I)(2)(c). This definition requires proof that (1) *253 the defendant participated in a “combination of violations” listed in the division and (2) the “combination of violations” satisfied the monetary threshold. R.C. 2923.31(I)(2)(c).
{¶ 22} This does not mean that the statute requires proof that the defendant personally profited, or personally possessed contraband, in excess of the threshold (although either scenario would satisfy the statute). A defendant could still commit an incident of “corrupt activity” under R.C. 2923.31(I)(2)(c) even if he or she received little or no profit from the combination of violations if, for example, the defendant participated in the combination of violations with others in the enterprise and the “total proceeds” from that combination of violations — shared by everyone involved in the violations — exceeded the threshold. Either way, the individual defendant must play some role in the combination of violations, and that combination of violations (which could also involve other members of the enterprise) must satisfy the threshold.
{¶ 23} But here, the court of appeals found that Stevens and Bondurant each satisfied R.C. 2923.31(I)(2)(c) simply because police recovered over $35,000 from a member of the same enterprise, Rodger Cassell. Without looking to whether more than $500 of the $35,000 resulted from the combination of violations involving Stevens (eight counts of drug trafficking) and from the combination of violations involving Bondurant (six counts of drug trafficking), the court of appeals found sufficient evidence that the monetary threshold was met because “the enterprise as a whole profited more than $500.”[2] 2012-Ohio-4912, 982 N.E.2d 1261, ¶ 23.
{¶ 24} I see no interpretation of R.C. 2923.31(I)(2)(c) to support this result. While the court of appeals was correct, in a sense, by stating that the statute can apply to the “collective enterprise profit,” id. at ¶ 1, the collective profit must still result from a combination of violations involving the defendant. ■ The individual defendant’s “conduct” must connect to the “combination of violations,” and the “combination of violations” must connect to the monetary threshold. R.C. 2923.31(I)(2)(c). Here, the evidence established that Stevens and Bondurant each committed a combination of violations with Cassell and the enterprise, but it does not follow that the combination of violations each participated in generated more than $500 of the money found in Cassell’s possession. And, even if evidence linked the combination of violations of Stevens and Bondurant to amounts attributable to each in excess of $500, this would prove only a single incident of corrupt activity under R.C. 2923.31(I)(2)(c). A “pattern” requires “two or more.” R.C. 2923.31(E).
*254 {¶ 25} Accordingly, I vote to reverse because the court of appeals incorrectly found sufficient evidence based on a misapplication of R.C. 2923.31(1)(2)(c), a statute that I believe to be clear and unambiguous.
{¶ 26} However, even if sufficient evidence did support Stevens’s RICO conviction, I would reverse based on Stevens’s second proposition of law for the reasons stated by Justice Kennedy in her separate opinion.

. Although serial numbers on some of the bills included in the $35,000 matched the “buy” money used in the drug-trafficking crimes involving Bondurant, the state never specified the exact amount at trial.